IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK E. ROBINSON, § | |
| TDCJ-CID NO.00350300, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-11-3397 |
| MRS. T. SHEPPARD, et al., § | |
| Defendants. § | |

## MEMORANDUM AND ORDER ON DISMISSAL

While on parole, Patrick E. Robinson[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the head parole supervisor and by Parole Officer Mrs. T. Sheppard at the Texas Parole Division Region III District Reentry Center on Hamilton Street in Houston, Texas. (Docket Entry No.1). The Court granted plaintiff's application to proceed *in forma pauperis*[2] and ordered the Clerk to deliver summons to him for service of process. (Docket Entry No.2). Plaintiff has not effected service and the time for doing so has now expired.

---

[1] Plaintiff is presently confined in the Stiles Unit of the Texas Department of Criminal Justice, serving a ten-year sentence for robbery with bodily injury in cause number 132995201010 from a Harris County Criminal District Court. *See* http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=02367710 (viewed June 6, 2012).

[2] During a previous incarceration in the Texas Department of Criminal Justice-Correctional Institutions Division, plaintiff filed two cases and one appeal that were dismissed as frivolous. *See* Robinson v. DeLeon, Civil Action 4:01-0803 (S.D. Tex. July 31, 2001). Therefore, if he had filed the present case while incarcerated, he would be subject to the three-strikes bar of 28 U.S.C. § 1915(g). *See* Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997). At the time plaintiff filed the pending complaint, he had been released to parole and was not confined in any parole facility. (Docket Entry No.). For this reason, he is not considered a prisoner under § 1915 and is not subject to the filing provisions of the Prisoner Litigation Reform Act. *Compare* Jackson v. Johnson, 475 F.3d 261 (5th Cir. 2007).

Although plaintiff has requested an extension to serve defendants with process, the Court will deny such request and dismiss this complaint as legally frivolous pursuant to 28 U.S.C. § 1915A.

## I. BACKGROUND AND CLAIMS

Public records show that at the time plaintiff filed this suit, he was on parole serving a sixty-year sentence for a 1982 aggravated robbery with a deadly weapon conviction from the 180th Criminal District Court of Harris County, Texas, in cause number 8250351. Office of Harris County District Clerk website;[3] TDCJ Offender Information website.[4] Plaintiff indicates that he was released to parole on April 29, 2011, from this conviction. (Docket Entry No.8). He claims his parole officer, in consultation with her supervisor, filed an emergency criminal complaint alleging that during a parole visit, she observed plaintiff carrying an automatic pistol. (Docket Entry No.1). Plaintiff claims the gun was a water pistol; nevertheless, he was arrested by City of Houston police officers and detained in the Harris County Jail from

---

[3] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=owKtQiFH2H (viewed May 16, 2012).

[4] http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=2367710 (viewed May 16, 2012).

2

May 2011 to June 29, 2011.[5] (Id.). Public records do not show that plaintiff was arrested, detained, or charged with any offense in May or June 2011.

Plaintiff claims that from September to December 2011, he was homeless and in constant transition. (Docket Entry No.13). Public records show that on December 11, 2011, plaintiff was charged with the offense of robbery causing bodily injury. Office of Harris County District Clerk website.[6] He was found incompetent to stand trial on January 26, 2012. Id. On April 5, 2012, plaintiff was convicted of the robbery offense, pursuant to a guilty plea; he was sentenced to ten years confinement in TDCJ-CID. Office of Harris County District Clerk website.

Plaintiff seeks unspecified relief from defendants on a claim of wrongful imprisonment in May and June 2011, resulting from the parole officer's allegation that he possessed a gun. (Docket Entries No.1, No.8).

## II. DISCUSSION

Because plaintiff is suing a government official, the district court may scrutinize the basis of his complaint, and, if appropriate, dismiss the case at any time without service of

---

[5] Plaintiff indicates in his more definite statement that he was arrested and jailed on June 9, 2011. (Docket Entry No.8).

[6] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=owKtQiFH2H (viewed May 16, 2012).

3

process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a),(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

A person on parole from a felony conviction commits a criminal offense if he possesses a firearm before the fifth anniversary of his release to parole. TEX. PEN. CODE ANN. § 46.04(a). Plaintiff claims he was released to parole on April 29, 2011; thereafter, his parole officer filed an emergency complaint, in which she alleged that she observed an automatic pistol in plaintiff's black briefs

during a parole visit to his home. Plaintiff does not deny that he possessed a gun, albeit a water gun, or that his parole officer saw the gun on one of her parole visits. Plaintiff does not allege that the parole officer knew the gun to be a water gun at the time she filed an emergency complaint.

A parole officer is entitled to absolute immunity from liability for her conduct in parole decisions and in the exercise of her decision-making powers. <u>Littles v. Bd. of Pardons and Paroles</u>, 68 F.3d 122, 123 (5th Cir. 1995). In this case, the parole officer observed a gun in plaintiff's possession, which would constitute a criminal offense under state law; she consulted with her supervisor and then filed a complaint, which led to plaintiff's arrest. Such conduct was well within the exercise of a parole officer's decision-making powers. Defendants, therefore, are entitled to absolute immunity from liability on plaintiff's wrongful imprisonment claim.

Although plaintiff may sue defendants for injunctive relief, <u>Orellana v. Kyle</u>, 65 F.3d 29, 33 (5th Cir. 1995), plaintiff is no longer on parole, having been convicted of another felony offense. Therefore, to the extent that either defendant could grant plaintiff injunctive relief, such request is now moot. *See* <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975) (per curiam) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be

5

subject to parole board's jurisdiction); <u>Cooper v. Sheriff, Lubbock County, Tex.</u>, 929 F.2d 1078, 1081 (5th Cir. 1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). Any claim for injunctive relief, therefore, is subject to dismissal for failure to state a claim.

### III. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.  Plaintiff's civil rights complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2.  All claims against all defendants are DENIED.

3.  All pending motions are DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas on June 20, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE